■ WINIFRED SMITH, Appellant, et al., Plaintiffs, v ROBERT P. ZIMMERMAN, Respondent.—Appeal from a judgment of the Supreme Court, entered April 1, 1974 in Greene County, upon a verdict of no cause of action, rendered at a Trial Term in favor of defendant. The sole issue raised on this appeal is whether the verdict of no cause of action against the appellant, Winifred Smith, is contrary to the weight of the evidence. The action was brought to recover damages for personal injuries and property damage arising out of a motor vehicle collision at the intersection of State Highway 32 and Silver Spur Road, Greene County, on March 22, 1969. Appellant testified that she was operating her vehicle south in the southbound lane on Route 32 at 40 to 45 miles per hour in a 50-mile-per-hour zone at a point approaching the intersection with Silver Spur Road; that she saw defendant's vehicle coming west on Silver Spur Road approaching the intersection as it passed a stop sign about 20 feet from the intersection without stopping; that she slowed her vehicle and when she realized defendant was not going to stop before entering the intersection, she slammed on her brakes, swerved to the right, and struck a telephone pole near the southwest corner of the intersection. She estimated her skid marks north of Silver Spur Road on Route 32 as between 40 and 45 feet in length. The defendant testified that he came to a full stop, looked both ways, and proceeded ahead with

caution; that he looked straight ahead in the direction he was traveling and when his wife said "Watch it", he turned to the right, heard wheels screeching, and saw appellant in her car, her hand shaking and yelling or screaming at him; that she passed in front of his vehicle, left Route 32 going off into Silver Spur Road and then hit a soft shoulder and struck a pole. He also testified that when he first saw appellant's car, it was about 100 feet away, braking and skidding about 65 miles per hour and that when he stopped his vehicle, he was close to the center line (of Route 32) but had not crossed it. Appellant's mother, a passenger in appellant's car, testified that when she first saw defendant's car it was about two and one-half car lengths away and appellant's car was going 45 to 47 miles per hour. She placed defendant's car in the center of Route 32 with the front part over the center line. Defendant's passenger, now his wife, testified that he stopped at the stop sign and proceeded with caution onto Route 32 and then she saw appellant's· car 100 yards north of the intersection coming south at 60 to 80 miles per hour. She also testified that when she said "Watch it", the defendant stopped some two to three feet east of the center of Route 32. Two other witnesses testified that both cars came to the intersection at the same time. A State trooper testified that he measured appellant's skid marks which started 120 feet north of the intersection and that an additional distance of 20 feet was traveled from the point where appellant left Route 32 until it hit the utility pole. The trial court properly charged the jury concerning the duties and obligations of the operator of a motor vehicle under the conflicting facts in this case. From the above references to the testimony it is clear that there was ample evidentiary support for a finding of negligence on the part of appellant. The testimony of the defendant and his passenger as to appellant's speed and the length of the skid marks left by appellant's car as measured by the State trooper would permit a finding of excessive speed on the part of appellant which was a proximate cause of the accident. Under the circumstances, it cannot be said that the verdict of no cause of action against appellant was contrary to the weight of the evidence. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.